UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA *ex rel.*
SAMUEL L. ARMFIELD, III and
PATRICIA ARMFIELD,

    Plaintiffs,

vs.        Case No. 8:07-CV-2374-T-27TBM

JAMES P. GILLS and ST. LUKE'S
CATARACT AND LASER INSTITUTE,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' James P. Gills, M.D. and St. Luke's Cataract and Laser Institute, P.A.'s Motion to Dismiss (Dkt. 39) and Plaintiffs' opposition (Dkt. 46). Also before the Court are Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. 56) and Defendants' opposition (Dkt. 58).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Bell Atlantic Corp.*,

at 1959. A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that a recovery is very remote and unlikely." *Id.* at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The essence of Count I of the Amended Complaint (False Claims Act) is Plaintiffs' allegation that Defendant Gills submitted a false claim for payment to Medicare for cataract surgery performed on Plaintiff Samuel Armfield, because he sought payment for surgery performed by another individual, Gills' physician assistant. (Dkt. 34, ¶¶ 27-28, 31, 37-38). Defendants take issue with this theory of false claim liability, contending that the physician assistant's services are properly billed under Gills' provider number. Further, Defendants contend that those services were "incident to" Gills' surgical procedure and treatment of Armfield, and therefore properly billed under Gills' provider number.[1] Further, Defendants contend that Plaintiffs' allegations that Gills was not present in the operating room when the physician assistant performed the services are insufficient, since Gills satisfied the "direct supervision" requirement because he was physically present in the ambulatory surgical center and was not required to be physically present in the operating room.

Medicare claims may constitute false claims if they seek reimbursement for services that were not rendered as claimed, including if the provider did not actually perform or supervise the services for which payment is sought. *See Peterson v. Weinberger*, 508 F.2d 45, 52 (5th Cir. 1975); *United States v. Mackby*, 261 F.3d 821, 826 (9th Cir. 2001). The submission of a false claim is the "*sine qua non*" of a False Claims Act violation. *United States ex rel. Clausen v. Laboratory Corp.*

---

[1] Plaintiffs and Defendants seemingly agree that the "incident to" provisions in the Medicare Manual do not apply. (Dkt. 39, p. 12; Dkt. 46, p. 10).

*of America*, 290 F.3d 1301, 1311 (11th Cir. 2002). The allegations in Count I include the three elements of a False Claims Act cause of action. *See United States ex rel. Walker v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005).

Notwithstanding, Count I, to the extent its pattern and practices allegations are premised on Plaintiffs' beliefs, does not meet the threshold of an indicia of reliability. (See Dkt. 34 ¶¶ 43, 46)("Relators believe and assert . . .")("It is the information and belief of these Relators . . ."); *see Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012-13 (11th Cir. 2005), *cert. denied*, 549 U.S. 810 (2006). Plaintiffs' allegation of Defendants' "practice and custom" of submitting false claims, without resort to a speculative presumptive drawn from Plaintiffs' single patient experience, does not satisfy Rule 9(b). Plaintiffs essentially rely on their observations as limited observers, without firsthand knowledge of Defendants' billing practices, mitigating against the requisite indicia of reliability of Plaintiffs' systemic fraud allegations. *United States ex rel. Clausen v. Laboratory Corp. of America*, 290 F.3d at 1314. The heightened pleading requirements of Rule 9(b) are therefore not met.

Count II, a second False Claims Act claim, alleges a false billing with respect to a follow up procedure involving the "repositioning" of Plaintiff Armfield's lens. (Dkt. 34, ¶¶ 52, 54-55). Plaintiffs allege that when Gills performed this procedure, he did not make a new incision, according to the operating report. (Id. at ¶ 52). Plaintiffs allege that Gills billed Medicare for a repositioning procedure which required an incision, thereby submitting a false claim. (Id. at ¶¶ 54-55).

Defendants acknowledge that Gills billed for this procedure using the repositioning code but maintain "it is undisputed that Dr. Gills repositioned the intraocular lens prosthesis." (Dkt. 39, p. 13.) Defendants contend that the requirement of an incision in the applicable code was satisfied because

Gills performed the procedure by entering the eye through the "previous port," meaning a previous incision, as alleged in ¶ 52 of the Amended Complaint. (Id. at 14). Finally, Defendants contend that Gill acted reasonably in submitting a claim under the repositioning code since the code descriptor does not explicitly require a "new" incision. (Id).

Plaintiffs maintain that the operating report indicates that Gills performed a "rotation" rather than a repositioning, and that a rotation does not require an incision, rendering Gills' billing to Medicare false because he billed using the code for a repositioning. At this stage of the pleadings, the facts alleged, drawn from the operating report, are sufficient to sustain a False Claims Act cause of action.

However, claims are not "false" under the False Claims Act if reasonable persons can disagree regarding whether services are properly billed. *See United States ex rel. Gudur v. Deloitte Consulting LLP.*, 512 F. Supp. 2d 920, 932 (S.D. Tex. 2007)(citations omitted). Whether Gills' submission of the billing for this procedure was reasonable, and whether the disputed facts concerning the nature of the procedure are resolved such that the procedure fits within the code descriptor, are matters more appropriately addressed in a dispositive motion, rather than in a Rule 12(b)(6) motion to dismiss. As Defendants note,"[t]he question is whether the procedure fits within the code descriptor." (Dkt. 39, p, 15). Defendants' arguments go to the merits of Count II, not the sufficiency of its allegations.

Notwithstanding, Plaintiffs' allegations of a "practice" of submitting false and fraudulent claims of this nature suffer from the same deficiency discussed as to Count I. (Dkt. 34, ¶¶ 57, 59, 61)("Relators believe and assert . . .").

Count III of the Amended Complaint alleges that the referral for a same day physical examination to a physician occupying space in the St. Luke's facility constituted a violation of federal law prohibiting kickbacks and self referrals. Plaintiffs allege that Defendants "knowingly and deliberately submitted false claims . . . in connection with the self referral for the preoperative examination."

Defendants contend that Count III is deficient because it fails to allege a false claim, in that Plaintiffs allege that the physician who performed the examination actually submitted her own claim for payment. Defendants point out that Count III does not allege that Defendants received any remuneration from the physician who performed the physical examination. Defendants correctly contend that the absence of such an allegation fails to meet an essential element of a violation of the federal anti-kickback statute. 42 U.S.C. §§ 1320a-7b(b)(1)(2).

Further, Defendants point out that Count III does not allege a financial relationship or compensation arrangement between Defendants and the physician who performed the examination. Plaintiffs allege merely that the physician "either rents space or otherwise occupies space owned by St. Luke's." That allegation does not constitute a "compensation arrangement" under 42 U.S.C. § 1395nn(e)(1)(A). Plaintiffs' weak response that "Defendants fail to acknowledge . . . the common sense implications which flow from the scheme described in Count III" is unpersuasive.

Finally, Plaintiffs' attempt to plead a pattern and practice suffers from the same deficiencies identified with respect to Counts I and II. (Dkt. 34, ¶¶ 70)("Relators believe that patients are routinely self-referred . . ."). Upon consideration, it is

**ORDERED:**

1.   Defendants' Motion to Dismiss (Dkt. 39) is **GRANTED**. Counts I, II, and III of the

Amended Complaint are **DISMISSED** without prejudice.

2. Plaintiff-Relators' Motion for Leave to File a Second Amended Complaint (Dkt. 56) is GRANTED.[2] Within fifteen days, Plaintiffs may file a Second Amended Complaint.

**DONE AND ORDERED** in chambers this 25th day of January, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[2] Although describing the allegations to be added in the proposed Second Amended Complaint, Plaintiffs do not attach the proposed Second Amended Complaint because they "require[d] some additional time to actually prepare the proposed amendment." (Dkt. 56 at 2). Plaintiffs have had ample time to draft the proposed Second Amended Complaint.