UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA *ex rel.*
SAMUEL L. ARMFIELD, III, and
PATRICIA ARMFIELD,

        Plaintiff,

vs.                          Case No. 8:07-CV-2374-T-27TBM

JAMES P. GILLS, et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Relators' Motion for Relief Per FRCP 54(b) or in the Alternative for Relief per 28 U.S.C. § 1292(b), to which Defendants have responded (Dkt. 336).

A March 30, 2011 Order (the "summary judgment Order" [Dkt. 330]) granted Defendants' motion for summary judgment as to Count I and dismissed Count I with prejudice. Relators request an order directing entry of a partial final judgment on Count I pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Alternatively, Relators ask the Court to certify the summary judgment Order for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b). Upon consideration, Relators' Motion for Relief Pursuant to FRCP 54(b) or in the Alternative for Relief per 28 U.S.C. § 1292(b) is DENIED.

### *Standard*

*Section 1292(b)*

28 U.S.C. § 1292(b) provides for discretionary appellate review of an interlocutory order of

a district court upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal under Section 1292(b) is a "rare exception" to the rule that appellate review must be conducted after final judgment. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).[1] Certification is proper "only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256 (quoting Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, *reprinted in* 1958 U.S.C.C.A.N. 5258, 5260-61). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* at 1259.

To obtain leave to proceed under 28 U.S.C. § 1292(b), a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The party seeking review has the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) (citation and internal quotation marks omitted).

---

[1] *See also OFS Fitel, LLC v. Epstein, Becker and Green, P. C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals" and that "[m]ost interlocutory orders do not meet [its] test"); *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare.").

"A legal issue is controlling if it could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). As used in Section 1292(b), the phrase "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz v. Board of Trs. of the Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). The phrase

> does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure law,' matters the court of appeals 'can decide quickly and cleanly without having to study the record.'

*Id.* (quoting *Ahrenholz v*, 219 F.3d at 676-77).

In sum, Section 1292(b) was "intended, and should be reserved, for situations in which the court . . . can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.* at 1259.

"[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Rather, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (citation and internal quotation marks omitted).

Appellate resolution of a controlling legal question will materially advance the ultimate termination of the litigation where it "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.

*Rule 54(b)*

Fed. R. Civ. P. 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (citing *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1024-25 (2d Cir. 1992)). The rule permits the district court to enter a judgment as to fewer than all claims "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, an order adjudicating fewer than all claims remains interlocutory and therefore is not appealable as a final judgment under 28 U.S.C. § 1291.

District courts follow a two-step analysis in determining whether an order may properly be certified under Rule 54(b). First, the court determines whether the order proposed to be certified is in fact a final judgment in that it constitutes the ultimate disposition of a separable claim for relief. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Here, Defendants do not dispute and the Court agrees that the summary judgment Order, which dismissed Count I with prejudice, finally disposed of a separable claim for relief.

Second, the district court determines whether there is no "just reason for delay" in certifying the order as final and immediately appealable. *Lloyd Noland*, 483 F.3d at 777 (quoting Fed. R. Civ. P. 54(b)). This determination requires the district court to balance (1) judicial administrative interests and (2) relevant equitable concerns. *Ebrahimi*, 114 F.3d at 165-66. "Consideration of the former factor is necessary to ensure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Ebrahimi*, 114 F.3d at 166 (quoting *Sears, Roebuck &*

*Co. v. Mackey*, 351 U.S. 427, 438 (1956)). "The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi*, 114 F.3d at 166 (citations omitted).

"As these factors will often suggest contrary conclusions, Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Id.* (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)). Because "such circumstances will be encountered only rarely," the Eleventh Circuit has counseled district courts to exercise their limited discretion under Rule 54(b) conservatively. *Ebrahimi*, 114 F.3d at 166 (citing *Southeast Banking Corp. v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995)).

### *Discussion*

Certification under Section 1292(b) will not materially advance the termination of the litigation. Relators do not contend that a trial will not be required in this lawsuit if the summary judgment order is reversed by the Eleventh Circuit. Relators do not even contend that a reversal will eliminate many issues for trial or otherwise shorten the trial. Instead, Relators argue that, (1) if leave to appeal is granted and this matter is stayed pending appeal,[2] and (2) if in addition a trial is required on Counts II-IV,[3] reversal of the summary judgment order would require a second trial. Otherwise,

---

[2] Although Relators do not expressly request a stay, and a stay of district court proceedings is not automatic, *see* 28 U.S.C. § 1292(b) ("That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."), granting leave for an immediate appeal with a view to obviating the potential need for a second trial would inevitably require a stay pending disposition of the appeal (or pending a denial by the Eleventh Circuit of leave to appeal).

[3] Dispositive motions remain pending as to those Counts. *See* Dkts. 122, 165, and 249.

Relators assert without further elaboration that "an immediate appeal will not unduly prolong the litigation of the other issues" in this case. (Dkt. 333 at 6).

An interlocutory appeal would neither serve to avoid a trial nor otherwise substantially shorten the litigation. Instead, an interlocutory appeal would substantially delay these proceedings, as an appeal would bring the case to a standstill. Although the Court agrees that this matter should progress forward expeditiously, Relators have not shown exceptional circumstancing warranting interlocutory appeal.

As to the propriety of a Rule 54(b) judgment, Relators argue that immediate appeal may obviate the need for an inconvenient and expensive second trial if the summary Judgment Order is reversed. A subsequent trial on Count I would require the resolution of different factual issues. However, Relators contend that eight expert witnesses[4] and certain fact witnesses expected to testify at a trial of Counts II-IV would in the event of a reversal be expected to provide testimony as to Count I as well. Additionally, Relators urge the relative importance of Count I in terms of the amount of damages sought and the ongoing injury caused by what they believed to be Defendants' unlawful conduct.

In response, Defendants first note that "post-verdict appeals" commonly present the possibility of a second trial. (Dkt. 336 at 4). The analogy is inapposite. Relators do not urge the hardship trying identical issues a second time, which is indeed a common consequence of post-trial reversal. Rather, they urge the hardship of successive trials on different issues that might more efficiently and inexpensively be tried together.

---

[4] The parties have filed motions to strike or exclude the testimony of many of these witnesses. *See* Dkts. 229, 230, 232, 233, 234, 235, 242, 274, 275.

As to the inconvenience to witnesses, Defendants note that, apart from Relators themselves, the "major fact witnesses" are locally resident current or former employees of Defendants. *Id.* at 6. Defendants do not mention the experts, although expert testimony is generally more expensive and more difficult to arrange. Defendants also speculate that granting the motion will result in similar requests following decision of the pending dispositive motions.

Finally, Defendants contend that Relators' argument is premature in view of the pending dispositive motions. The Court agrees. Depending of the disposition of those motions, there may be no trial in this case as to Counts II-IV. In that event, the prospect of two trials disappears. Accordingly, the Court will deny Relators' motion without prejudice to renewal following a ruling on those motions.

### *Conclusion*

For the foregoing reasons, Relators' Motion for Relief Per FRCP 54(b) or in the Alternative for Relief per 28 U.S.C. § 1292(b) (Dkt. 336) is **DENIED** without prejudice.

**DONE AND ORDERED** in chambers this 23rd day of May, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record