UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA *ex rel.*
SAMUEL L. ARMFIELD, III and
PATRICIA ARMFIELD,

           Plaintiffs,

vs.                                                 Case No. 8:07-CV-2374-T-27TBM

JAMES P. GILLS, *et al.*,

           Defendants.
_____/

## ORDER GRANTING LEAVE TO AMEND

**BEFORE THE COURT** is the Plaintiffs' Motion to File a Third Amended Complaint (Dkt. 175). At the Court's direction, the parties recently filed a Joint Memorandum on Impact of Allowing Third Amended Complaint (Dkt. 349). Upon consideration, the motion for leave to amend will be granted. The Court will enter a separate Order modifying the Case Management and Scheduling Order in an effort to facilitate the resolution of this matter and limit any prejudice to Defendants that may result from the proposed amendment.

*The Proposed Third Amended Complaint*

Plaintiffs request leave to file a Third Amended Complaint arguing that the proposed amendment "seeks to clarify certain aspects of the claims Plaintiffs have asserted in Counts II, III, and IV of Plaintiffs' Corrected Second Amended Complaint." Motion to Amend (Dkt. 175), ¶ 1. Plaintiffs contend that the amendments are warranted based on evidence furnished by Defendants

during the course of discovery, including information provided during the deposition of James P. Gills, Jr., M.D. on May 27, 2010.

In addition to new factual allegations apparently intended to address at least some of the arguments raised by Defendants in their pending Motion to Dismiss,[1] the proposed Third Amended Complaint seeks to revise the theories of liability pled in the Corrected Second Amended Complaint.

- As to Count II ("Fraudulent Billing for Lens Rotations Disguised as Lens Repositions"), the proposed Third Amended Complaint still alleges that a repositioning is not the same as a rotation, but adds that Medicare does not generally permit reimbursement for post-surgical procedures undertaken to correct for residual astigmatism (or residual refractive error). Thus, Plaintiffs contend the proposed amendment supplements Plaintiffs' existing theory with the additional fact that Gills uses the CPT code to conceal a further illicit purpose.

- As to Count III ("Fraudulent Billing for Duplicative Evaluation and Management Services"), the proposed Third Amended Complaint sets forth "alternative" factual allegations intended to respond to facts asserted by Defendants in support of their motion for summary judgment (*i.e.*, that the false claim was not submitted in connection with a post-operative examination related to the lens rotation procedure on Dr. Armfield's right eye (as alleged in the Corrected Second Amended Complaint), but instead was a pre-operative examination relating to cataract surgery on Dr. Armfield's left eye). Specifically, Plaintiffs contend that Defendants disguised the second examination as generic E&M services, rather than as services that were specifically ophthalmic in nature in order to preempt any rejection of their claims, which Plaintiffs allege likely would have occurred had Defendants submitted a second claim for specifically ophthalmic E&M services in the month following a comprehensive bilateral eye exam.

- As to Count IV, the proposed Third Amended Complaint seeks to add factual allegations and exhibits (*i.e.*, lease agreements and related

---

[1] Defendants moved to dismiss Counts III and IV of the Corrected Second Amended Complaint on the grounds that (1) Count III failed to allege a "pattern and practice" of activity with particularity, and (2) Count IV failed to state a claim upon which relief can be granted and for failure to plead fraud with particularity.

information) to support Plaintiffs' claim under 42 U.S.C. § 1320a-7b(b)(1)(A) (the "Anti-Kickback Statute").

*See* Proposed Third Amended Complaint (Dkt. 184-1).

### *Standard*

A decision whether to grant or deny a motion for leave to file an amended complaint is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15(a), Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Accordingly, there must be a "justifying reason" for a court to deny leave to amend. *Foman*, 371 U.S. at 182. Leave to amend should only be denied when: (1) amendment would be futile; (2) amendment would be prejudicial to the opposing party; or (3) there has been bad faith, undue delay, dilatory motive, or repeat failures to cure deficiencies by amendments on behalf of the moving party. *Id.*; *see Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotations omitted).[2]

### *Discussion*

Defendants argue the Court should deny leave to amend because the proposed amendment "is an overly delayed, prejudicial, futile request to present non-viable claims." Defendants' Opposition (Dkt. 193), p.1.

First, there is no evidence of bad faith, undue delay, dilatory motive, or repeat failures to cure deficiencies by amendments. In determining whether there has been inexcusable delay in seeking

---

[2] Plaintiffs filed the motion to amend on June 21, 2010. The Amended Case Management and Scheduling Order (Dkt. 112) established a July 19, 2010 discovery cut off and provided: "Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial filed after issuance of this Amended Case Management and Scheduling Order are disfavored. *See* Local Rule 3.05(c)(2)(E) and Local Rule 3.05(c)(3)(D). The deadline for motions to amend pleadings is 10 days after discovery cut-off date." Accordingly, Plaintiffs are not required to establish "good cause" under Rule 16(b), Federal Rules of Civil Procedure, as a condition to obtaining leave to amend.

3

amendment leave to amend, the Court must consider the date the motion was filed rather than the date the Court took the matter under consideration. *See FLI-FAB, Inc. v. United States*, 16 F.R.D. 553, 556 (D. R.I. 1954).

The motion to amend was timely under the Case Management and Scheduling Order.[3]  In addition, the motion was filed within a month after the deposition of James P. Gills, Jr., M.D. (and within several months after the deposition of J. Bradley Houser) relied on by Plaintiffs, at least in part, in crafting the proposed Third Amended Complaint. While the Plaintiffs have amended their complaint on two prior occasions (together with one "correction"), the first amendment was as a matter of right under Rule 15(a), Federal Rules of Civil Procedure.[4]

Second, granting leave to amend will not result in undue prejudice to Defendants. Defendants argue that the addition of new claims and/or theories of liability will require additional expert testimony, "substantial" or "massive" new factual discovery, and new or revised motions for summary judgment. The motion to amend, however, was filed well in advance of the discovery (8/23/10) and dispositive motions (9/20/10) deadlines ultimately adopted by the Court. *See* Dkt. 187. Plaintiffs actively sought but were unable to obtain discovery related to the proposed Third Amended

---

[3] In contrast, Plaintiffs' recent request that they be allowed to submit an alternative Third Amended Complaint based on the retention of new counsel, comes more than a year after the deadline to amend pleadings set forth in the Case Management and Scheduling Order. This request is untimely and absent a showing of good cause is denied. Fed. R. Civ. P. 16(b).

[4] While this *qui tam* action was filed on December 31, 2007, the United States did not file its Notice of Election to Decline Intervention (Dkt. 8) until January 15, 2009, and Defendants were not served with process until May 19, 2009 (Dkts. 19-20).

Complaint largely because of Defendants' objections to the scope of discovery.[5] Moreover, allegations that an amendment will require the expenditure of additional time, effort, or money do not, standing alone, constitute undue prejudice to warrant denial of a motion to amend a pleading. *See Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008). As the Joint Memorandum on Impact of Allowing Third Amended Complaint demonstrates, any additional discovery will be limited in scope and, although resolution of this matter will be delayed by the proposed amendment, the fact remains that the motion for leave was timely when filed. Similarly, Defendants' decision to file a motion for summary judgment prior to the close of discovery does not mandate that the Court deny Plaintiffs leave to file an amended complaint.

Third, the proposed Third Amended Complaint does not appear to be futile or so frivolous as to justify denying Plaintiffs leave to amend. Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (amendment is futile if defendant would be entitled to summary judgment on the merits of the claim if the amendment were allowed). In light of the current record and issues relating to the scope of discovery previously permitted with respect to the claims in the Third Amended Complaint, it is appropriate to allow the proposed amendment and address the merits of Plaintiffs' claims on a subsequent motion to dismiss or motion for summary judgment.

---

[5] For example, the Magistrate Judge granted, in part, a Motion for Protective Order filed by Defendants based on his conclusion that certain discovery was outside the scope of the operative Second Amended Complaint. *See* Order (Dkt. 213). The Magistrate noted: "I recognize that Plaintiffs have pending a motion to file a third amended complaint under which some of the information sought on this discovery would be relevant and necessary, however, such is not the case at present. In the event the motion to amend is granted, some additional discovery may be appropriate."

For the forgoing reasons, and given the liberal standard applicable to motions for leave to amend under Rule 15, the Plaintiffs' Motion to File a Third Amended Complaint should be granted.

Accordingly, it is **ORDERED and ADJUDGED**:

(1) Plaintiffs' Motion to File a Third Amended Complaint (Dkt. 175) is **GRANTED** as to Counts II, III, and IV.[6]

(2) Plaintiffs shall file **under seal** *an unredacted version* of the proposed Third Amendment Complaint within **five (5) days** of the date of this Order.[7] Plaintiffs shall also file electronically a *redacted version* of the proposed Third Amended Complaint. Plaintiffs shall provide a courtesy copy to chambers of the *undredacted* Third Amended Complaint and all supporting materials. The amended complaint and all exhibits shall be individually tabbed and submitted in a binder.

(4) Defendants Motion to Dismiss Counts III (in Part) and IV of the Corrected Second Amended Complaint (Dkt. 122) is **DENIED** as moot and without prejudice to the Defendants' ability to file a motion to dismiss the Third Amended Complaint.

(5) The parties' pending motions for summary judgment (Dkts. 165 and 249) are **DENIED** as moot and without prejudice to the parties' ability to file renewed motions for summary judgment with respect to the Third Amended Complaint.

---

[6] Plaintiffs did not seek leave to amend as to Count I of the Corrected Second Amended Complaint. Accordingly, this Order does not impact the Court's previous Order (Dkt. 330) granting Defendant's Motion for Summary Judgment as to Plaintiffs' claim that Defendants submitted false claims for reimbursement based on work performed by a physician assistant.

[7] The Court previously granted Plaintiffs leave to file under seal various exhibits related to the Third Amended Complaint, *see* Dkts. 169, 188, based in part on Defendants' argument that "[t]he documents in question contain unique business arrangements between Defendants and a non-party, and other information that constitute trade secret and proprietary information the public revelation of which poses a threat of business injury to Defendants and the implicated non-party, who is not represented in this action and thus cannot protect herself."

(6)  The parties pending motions relating to expert witnesses (Dkts. 232, 233, 234, 274, 229, 230, 235, 242, and 275) are **DENIED** without prejudice to the parties ability to file renewed motions upon completion of expert discovery.

(7)  The Court will enter a separate Order modifying the Case Management and Scheduling Order.

**DONE AND ORDERED** in chambers this 13th day of September, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record