THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* SAMUEL L. ARMFIELD, III, M.D. and PATRICIA ARMFIELD, R.N. | C.A. No. 8:07-cv-02374-JDW-TBM |
| Plaintiffs, | |
| v. | |
| JAMES P. GILLS, M.D.; ST. LUKE'S CATARACT AND LASER INSTITUTE; and ST. LUKE'S SURGICAL CENTER, | |
| Defendants. | |

**OBJECTIONS OF RELATORS' FORMER COUNSEL TO JOINT STIPULATION AND MOTION FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE**

1. Plaintiffs/Relators' former counsel, Edward A. Olds, Richard S. Matesic, and Timothy P. O'Brien (hereafter, "former counsel") present the within objections to the joint stipulation and motion for entry of order of dismissal with prejudice (Dkt. 518).

2. After observing in its Order dated April 1, 2013 that the mediator had advised this action had been settled, the Court dismissed and closed this case without prejudice, subject to the parties' right to submit a stipulated form of final order or judgment or for any party to move to reopen the action upon good cause shown within 60 days. (Dkt. 517 at 1).

3. During that same 60-day time frame, the parties apparently obtained the final

approval of officials in the Department of Justice—a condition explicitly alluded to in the Court's April 1st order.

4. Additionally, during that same 60-day time frame, former counsel advised the Assistant U.S. Attorney, Randy Harwell, that they might file a Notice of Charging lien. No such lien was filed. Apparently, however, AUSA Harwell advised Armfield's current counsel to secure a letter from former counsel indicating the latter would not file a lien. Such a letter was obtained, and has been presented to the Court. (Dkt. 518, Ex. B). Nothing further was required of former counsel, who did not intend to secure whatever claims they might have by filing a notice of charging lien.

5. The negotiations concerning this case occurred totally without former counsels' involvement. Former counsel have never been shown a copy of the settlement agreement, and have no idea what the agreement addresses. The terms of the proposed settlement, including the monies to be paid or distributed, have never been disclosed to former counsel, apart from the representations of Plaintiffs/Relators' auxiliary counsel, Robert Sommer, on May 16, 2013, that the proposed settlement provides for current counsel to receive a discrete allocation, for attorney fees and costs, the amount of which, however, auxiliary counsel refused to disclose.

6. On May 30, 3013, the eve of the deadline for the filing of the joint stipulation and motion for entry of order of dismissal with prejudice, former counsel

received, via email from Defendants' local counsel, Thomas G. Long, the joint stipulation and motion, including the proposed order dismissing this case with prejudice (Dkt. 518).

7. Neither the joint stipulation, motion, nor proposed order were ever disclosed to former counsel prior to filing. Thus, former counsel have never indicated their agreement to the language set forth in the joint stipulation, motion, and proposed order.

8. Former counsel certainly never agreed to be bound by a court order. However, Paragraph 4 of the proposed order purports to limit the remedies and judicial fora available to former counsel to recover payment for attorney fees and costs:

> 4.   Accordingly, the Relators' . . . former counsel, including but not limited to Edward Olds, Esq., Richard Matesic, Esq., and Timothy P. O'Brien, Esq., are hereby forever and irrevocably barred from asserting any claim for fees or costs . . . *with respect to this lawsuit, either in this lawsuit, or in any separate attempted legal proceeding, except through enforcement of the Settlement Agreement and/or the Confidential Attorneys' Fee Agreement in this Court.*

(emphasis added).

In other words, the parties are requesting this court enter an order limiting individuals to rights under an agreement they have never even seen, in spite of the fact that they have never agreed to such a result. The parties have done this without notice to or concurrence of the individuals affected by the stipulation.

3

9. Former counsel are not in any manner parties to this litigation, and did not execute the stipulation. Nor were they ever consulted on the terms of the stipulation. Nevertheless, the order attached to the stipulation proposes to adjudicate former counsel's rights, and in essence enter an ex parte permanent injunction against them from engaging in certain activity. Obviously, former counsel's rights cannot be adjudicated by a stipulation, conceived in former counsel's absence, by strangers. Simply stated, it would be improper for the court to enter an order enjoining former counsel's future conduct without offering a hearing and actually having a case or controversy before it. In essence, the proposed order purports to adjudicate rights of individuals not before the court, in a circumstance when there is no present controversy involving current counsel related to this action over which the court has jurisdiction.

10. Former counsel therefore object to the terms of the proposed order, and request that the Court reject any language which purportedly adjudicates or limits the rights of former counsel. Former counsel were not involved in the negotiation of the settlement agreement, have not seen it, do not know its contents, and have never been consulted about it. They could not possibly have standing to enforce any part of an agreement which does not involve them and which they did not execute. Further, it is improper for parties who are stipulating to the dismissal of an action to attempt to surreptitiously enlist the court in entering a permanent injunction, against persons not currently

involved in the litigation, and precluding their future conduct.

WHEREFORE, Edward A. Olds, Richard S. Matesic and Timothy P. O'Brien request the Court sustain their objections to the joint stipulation and motion for entry of order of dismissal with prejudice (Dkt. 518).

Respectfully submitted,

 /s/ Edward A. Olds
Edward A. Olds, Esq. (admitted *pro hac vice*)
PA ID No. 23601

/s/ Richard S. Matesic
Richard S. Matesic, Esq. (admitted *pro hac vice*)
PA ID No.  72211

1007 Mount Royal Boulevard
Pittsburgh, PA 15223
edolds@earthlink.net
rs.matesic@verizon.net
412.492.8975
412.492.8978 (fax)

/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esq. (admitted *pro hac vice*)
PA ID No. 22104

1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
tpob@obrien-law.net
412.232.4400

## CERTIFICATE OF SERVICE

      I hereby certify that on May 31, 2013, I electronically filed the foregoing **OBJECTIONS OF RELATORS' FORMER COUNSEL TO JOINT STIPULATION AND MOTION FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/ECF system.

                                            /s/ Edward A. Olds